# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDITH HERNANDEZ and ANA O'KEEFE, on behalf of themselves and those similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>UBS AG and UBS FINANCIAL SERVICES, INC.,<br><br>       Defendants. | Case No. 15 Civ. 230 (VSB) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

  This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

**I.  Preliminary Approval of Settlement**

  1.  Based on the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Rachel Bien ("Bien Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs Edith Hernandez and Ana O'Keefe and Defendants UBS AG and UBS Financial Services, Inc. attached to the Bien Decl. as Exhibit A, and "so orders" all of its terms.

2. Courts have discretion regarding the approval of a proposed class action settlement. *See Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987); *see also Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 194 (S.D.N.Y. 2012) *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013).

3. "Preliminary approval of a settlement agreement requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (internal quotation marks omitted).

4. The Court concludes that the proposed Settlement Agreement is within the range of reasonable settlement results, such that there is probable cause to submit the proposal to class members and hold a full-scale hearing as to its fairness at a later date. *See, e.g., Hamadou v. Hess Corp.*, No. 12 Civ. 0250, 2015 WL 464250, at *1 (S.D.N.Y. Feb. 3, 2015); *Ballinger v. Advance Magazine Pubs., Inc.,* No. 13 Civ. 4036, 2014 WL 7495092, at *3 (S.D.N.Y. Dec. 29, 2014).

5. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, *et al.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Here, the parties engaged in settlement negotiations facilitated by an experienced mediator after exchanging information that enabled them to evaluate the claims

and defenses.  Bien Decl. ¶¶ 10-18.

6. The Court finds that, given the benefits afforded to Class Members, there are no "obvious defects" in the Settlement Agreement that would justify denying approval.  *Charron*, 874 F. Supp. 2d at 202-03.

## II. Certification of the Proposed Rule 23 Settlement Class

7. The Court certifies the class defined in the Settlement Agreement under Fed. R. Civ. P. 23(e) for settlement purposes ("Settlement Class").

8. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

9. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 47 Class Members and, thus, joinder is impracticable.  *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("practicability depends on all the circumstances surrounding a case, not on mere numbers"); *Brown v. City of Barre, Vt.*, No. 10 Civ. 81, 2010 WL 5141783, at *4 (D. Vt. Dec. 13, 2010) (citing cases in which courts had certified classes of less than 20 members).

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants misclassified them as exempt and failed to pay them overtime in violation of state wage and hour laws.  *See Hamadou*, 2015 WL 464250, at *2; *Ballinger*, 2014 WL 7495092, at *4.

11. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims.  *See Ballinger*, 2014 WL 7495092, at *5 (typicality is satisfied when employees do "similar work and were classified . . . under the same corporate policy");

*Lizondro-Garcia*, 300 F.R.D. at 175 (typicality satisfied because employees "were employed by defendants in the same positions and subjected to the same overtime [practices] as members of the proposed [] class").

12.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there are no fundamental conflicts between the Plaintiffs' and Class Members' interests.  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 269 (2d Cir. 2006); *Ballinger*, 2014 WL 7495092, at *5.

13.     Plaintiffs' counsel, Outten & Golden LLP, meet Rule 23(a)(4)'s adequacy requirement and are well qualified to represent the class.  *See Ballinger*, 2014 WL 7495092, at *7.

14.     Plaintiffs satisfy Rule 23(b)(3), because factual allegations and a common legal theory predominate over any factual or legal variations among class members.  *See Ballinger*, 2014 WL 7495092, at *5-6; *Perez v. Allstate Ins. Co.,* No. 11 Civ. 1812, 2014 WL 4635745, at *19 (E.D.N.Y. Sept. 16, 2014); *Lizondro-Garcia*, 300 F.R.D. at 177.  Class adjudication of this case is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.  *See Ballinger*, 2014 WL 7495092, at *6; *Lizondro-Garcia*, 300 F.R.D. at 177.

**IV.    Appointment of Plaintiffs' Counsel as Class Counsel**

15.     The Court appoints Outten & Golden LLP as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).  *See Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources

4

counsel will commit to representing the class") (internal quotation marks omitted).

16. Plaintiffs' counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

17. Courts have found Outten & Golden LLP to be adequate class counsel in numerous employment law class actions. *See, e.g., Ballinger*, 2014 WL 7495092, at *7; *Perez*, 2014 WL 4635745, at *25.

18. The work that Outten & Golden LLP has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV.     Settlement Notice**

19. The Court approves the proposed Notice of Class and Collective Action Settlement ("Settlement Notice"), and directs its distribution.

20. The contents of the Settlement Notice fully comply with due process and Federal Rule of Civil Procedure 23.

21. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

22. The Settlement Notice satisfies each of these requirements and adequately put Class Members on notice of the proposed settlement. *See, e.g., Ballinger*, 2014 WL 7495092, at *7-8 (class notice must be the best practicable under the circumstances, and must state terms in

"plain, easily understood language"); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

23. The Settlement Notice is also appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

**V.     Class Action Settlement Procedure**

24. The Court hereby adopts the following settlement procedure:

   a. Defendants will deposit the Settlement Payment into the Qualified Settlement Fund established by the Claims Administrator ten (10) days of this Order.

   b. The Settlement Notice will be mailed and e-mailed (if available) to Class Members within 20 days after the Court's Preliminary Approval Order.

   c. Class Members will have 30 days after the date the Notice is mailed to opt out or object to the settlement.

   d. The Court will hold a final fairness hearing on _____ at _____ a.m./p.m. at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Courtroom 905.

   e. Plaintiffs will file Motions for final approval of settlement, for approval of attorneys' fees and costs, and for approval of service payments no later than 14 days before the Fairness Hearing.

   f. If the Court grants final approval, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the Effective Date of the Settlement Agreement will be 30 days after the Court enters its Final Approval Order.

   g. The Claims Administrator will distribute payments to Class Members and to Class Counsel within ten (10) days of the Effective Date.

   h. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2015.

                                              _____
                                                    Honorable Vernon S. Broderick
                                                    United States District Court