UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2015
```

-------------------------------------------------------X
                                                  :

EDITH HERNANDEZ and ANA O'KEEFE    :
*on behalf of themselves and those similarly*    :
*situated*,    :
    :
                           Plaintiffs,    :
    :
             -v-    :
    :
UBS AG AND UBS FINANCIAL SERVICES,:
INC.,    :
    :
                 Defendant.    :
    :
-------------------------------------------------------X

15-CV-230 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

        This matter came before the Court on Plaintiff's Motions for Certification of the Settlement

Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement;

Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments

and Other Settlement Payments ("Final Approval Motions").   Defendants do not oppose the

Motions.

        1.      Based upon the Court's review of the Plaintiff's Memorandum of Law in Support

of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and

Approval of the FLSA Settlement, the Declaration of Rachel Bien in Support of Plaintiff's Motions

for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and

Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses;

and Service Payment and Other Settlement Payments ("Bien Decl."), the Supplemental

Declaration of Rachel Bien, and all other papers submitted in connection with Plaintiff's Final

Approval Motions, the Court grants final approval of the settlement memorialized in the Joint

Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Bien Decl. as

Exhibit A, and "so orders" all of its terms all of which are incorporated herein.  Capitalized terms

used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless

otherwise defined herein.

2.      For settlement purposes, the Court certifies the Class defined in the Settlement

Agreement pursuant to Fed. R. Civ. P. 23(e) ("Settlement Class").

3.      The Settlement Class meets all of the requirements for class certification under

Federal Rule of Civil Procedure 23(a) and (b)(3).

4.      Outten & Golden LLP, which the Court previously appointed as Class Counsel,

satisfies the adequacy requirements of Rule 23(a)(4).

5.      The Court approves the Fair Labor Standard Act settlement.  The settlement is the

product of contested litigation to resolve *bona fide* disputes.

6.      This Court approves the settlement and all terms set forth in the Settlement

Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding

on all Class Members who have not timely and properly opted out pursuant to Section 3.6 of the

Settlement Agreement, Plaintiffs, and Non-Class Plaintiffs.

7.      The attorneys at Outten & Golden LLP who prosecuted this case are experienced

class action employment lawyers with good reputations among the employment law bar.  The

Court grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $437,500, which is

one-third of the settlement fund, plus $12,000 in costs and expenses reasonably expended litigating

and resolving the lawsuit.  The fee award is justified by the work that Class Counsel did negotiating

the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel

undertook in bringing the claims. These amounts shall be paid from the settlement fund.

8.       The Court finds reasonable the service award for Named Plaintiff Edith Hernandez in the amount of $10,000 in recognition of the services she rendered on behalf of the class.  This amount shall be paid from the settlement fund.

9.       The Court finds reasonable the service award for Named Plaintiff Ana P. O'Keefe in the amount of $10,000 in recognition of the services she rendered on behalf of the class.  This amount shall be paid from the settlement fund.

10.      The Court finds reasonable the settlement payments to Maria Robayo and Dinorah Dijols in the amount of $10,000 each in exchange for a general release of all claims and a confidentiality agreement.  These amounts shall be paid from the settlement fund.

11.      The objection filed by Plaintiff Ana O'Keefe has been withdrawn, (Doc. 29); therefore, there is no need to address the issues raised in that objection.

12.      If no party appeals this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

13.      If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved.

14.      The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, the service awards, and the payments to Dijols and Robayo 10 days after the "Effective Date."

15.      Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order.  All Class Members who did not opt out,

Plaintiffs, and Non-Class Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

16.   The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

17.   The parties shall abide by all terms of the Settlement Agreement.

The Clerk's Office is respectfully directed to terminate the pending motions, (Docs. 16, 18), and mail a copy of this order to Ms. Ana P. O'Keefe at 6623 Ridge Blvd. D-3, Brooklyn, NY 11220.

SO ORDERED.

Dated: July 16, 2015
       New York, New York

Vernon S. Broderick
United States District Judge